## Floyd Estate

*Ralph L. Lindenmuth,* for petitioner.

*William J. MacCarter, Jr.* and *Fronefield Crawford,* for respondents.

VAN RODEN, P. J., May 31, 1950.—Decedent died March 15, 1950. His last will and testament, dated September 24, 1946, nominated and appointed as executors and trustees Marie E. Conway and Carolyn C. Cropper. In his will decedent referred to Marie E. Conway as his daughter, and referred to Carolyn C. Cropper as his "dear friend". The will also mentioned Agnes E. Floyd as his wife.

On March 21, 1950, the will was presented for probate and the register of wills was requested to issue letters testamentary unto Carolyn C. Cropper Floyd, named in will as Carolyn C. Cropper, and Marie E. Conway. Both Marie E. Conway and Agnes E. Floyd, as well as other members of the Floyd family, object to the issuance of any letters in the name of Carolyn C. Cropper Floyd, contending that Carolyn C. Cropper is not entitled to use the name of Floyd. The register of wills wrote to the parties in interest, under date of April 12, 1950, indicating his intention to issue the

letters testamentary to Carolyn C. Cropper and Marie E. Conway, as named in the will, upon the proper completion of the application. On April 27, 1950, Carolyn C. Floyd petitioned the court "to direct the register of wills to certify the entire record pertaining to the probate of said will and the application for letters testamentary to the court to determine in what manner said letters testamentary shall be granted". Pursuant thereto the record was duly certified to the court on April 28, 1950, and a hearing held thereon May 12, 1950.

From the evidence produced at the hearing it appears that Frank J. Floyd and Agnes E. Floyd were married on June 7, 1899, at Villanova, Pa. Thereafter, on September 28, 1932, Frank J. Floyd married Carolyn Cathryn Cropper at White Plains, N. Y. There is no record of any intervening divorce. There is evidence, however, that decedent told Miss Cropper, prior to their marriage, that he had obtained a divorce from Agnes E. Floyd. After the purported marriage ceremony in New York, decedent and Carolyn C. Cropper lived together, as husband and wife and were known to friends and acquaintances as Mr. and Mrs. Floyd. It is the contention of petitioner that she is entitled to use the name of Floyd inasmuch as she entered into the purported marriage in good faith and without knowledge of any legal invalidity and that she has consistently used the name of Floyd for almost 18 years.

Decedent's family, on the other hand, contend that it is embarrassing to them to have her use the name of Floyd inasmuch as the lawful widow is entitled to be known by the name of Mrs. Floyd, and that the use of such name by petitioner would create confusion as well as personal annoyance.

This court cannot be concerned with whatever name petitioner chooses to use in her usual social and business affairs. If she desires to effect a legal change of

name in the manner provided by statute, she must apply to the court of common pleas. Likewise, if decedent's family wish to restrain her from using a particular name they must apply to the court of common pleas for proper injunctive relief.

In the present proceeding the court is concerned only with the narrow question as to the proper manner of designating the persons to whom letters testamentary shall be issued. After a careful study of the matter the court is convinced that this issue is determined by section 305 (a) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.305, which provides that "Letters testamentary shall be granted by the register to the executor designated in the will". Inasmuch as testator saw fit to designate his executors as Marie E. Conway and Carolyn C. Cropper, we are of the opinion that the register is required to issue letters testamentary in such names and no other. The designation of Carolyn C. Cropper in the letters testamentary shall be without prejudice to any right which she may have to the use of the name Floyd in other matters or activities. Although it is pointed out on behalf of the Floyd family that in Falcucci Name Case, 355 Pa. 588, 591 (1947) the late Chief Justice Maxey stated that "In this Commonwealth an individual cannot change his name without permission of the appropriate court acting upon a petition complying with the statutory requirements", it is clear that such statement is merely dictum and does not control the present situation. Our present decision is confined to the manner in which the letters testamentary shall be issued and rests upon the statutory direction with respect thereto.

Accordingly, the court enters the following

*Decree*

And now, to wit, May 31, 1950, upon consideration of the record in the above matter, as certified by the

register of wills, and the evidence produced in court, it is hereby ordered, adjudged and decreed as follows:

1. The register of wills is hereby directed to admit to probate the last will and testament of Frank J. Floyd, dated September 24, 1946, and to issue letters testamentary thereon unto Marie E. Conway and Carolyn C. Cropper, the executrices named therein, upon proper completion of the application for such letters and proper qualification of said executrices.

2. The parties shall bear their respective costs.

3. An exception is hereby allowed unto each of the parties.